Filed 1/5/22  P. v. Ladelle CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>BOBBY CHARLES LADELLE,<br><br>    Defendant and Appellant. | D078350<br><br><br><br>(Super. Ct. No. FSB1104036) |

APPEAL from an order of the Superior Court of San Bernardino County, William Jefferson Powell IV, Judge.  Reversed and remanded with directions.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

This is an appeal from an order denying appellant's petition for resentencing under Penal Code[1] section 1170.95, without first issuing an order to show cause (OSC) and conducting an evidentiary hearing. Appellant contends the court erred. The Attorney General properly agrees and concedes the order must be reversed and the matter remanded to the superior court. After reviewing the record, we will accept the Attorney General's concession and reverse the order denying the petition.

## FACTS AND PROCEDURAL BACKGROUND

In 2013, a jury convicted Bobby Ladelle of first degree murder (§ 187, subd. (a)). Ladelle was sentenced to an indeterminate term of 25 years to life in prison.

Ladelle appealed and this court affirmed the judgment in an unpublished opinion. (*People v. Ladelle*, D069929 (July 28, 2016).)

In 2019, Ladelle filed a petition for resentencing under section 1170.95. The court appointed counsel, received briefing, and held a hearing. After evaluating the evidence, the court found the evidence would support a finding Ladelle was the actual killer, or if convicted as an aider and abettor under the felony murder rule, he was an active participant. The court then concluded Ladelle had not stated a prima facie case for relief and was therefore ineligible for resentencing. The court did not issue an OSC or conduct an evidentiary hearing under section 1170.95.

Ladelle filed a timely notice of appeal.

The facts of the offense are fully set forth in our prior opinion. Given the respondent's concession we will not repeat them here. (*People v. Ladelle*, *supra*, D069929.)

---

[1] All further statutory references are to the Penal Code.

2

## DISCUSSION

Our Supreme Court has recently clarified the role of trial courts who are reviewing petitions for resentencing under section 1170.95. In *People v. Lewis* (2021) 11 Cal.5th 952, 970-971, the court discussed the review of petitions to determine if they have made prima facie showing of eligibility for relief. If the petitions have made such showing the court must issue an OSC and hold an evidentiary hearing. If, however, the record of conviction contains facts which rebut the petitioner's allegations, after the appointment of counsel the court may deny the petition without issuing an OSC. While the trial court can and should review the record of conviction when assessing the prima facie showing, the court cannot engage in factfinding, weighing evidence or making credibility decisions. (*See People v. Drayton* (2020) 47 Cal.App.5th 965, 979-980.)

In the present case, the record demonstrates the court engaged in factfinding and drawing evidentiary inferences. The court selected certain testimony from the record to draw inferences about the nature of Ladelle's participation in the offense. Such evidentiary analysis must await the issuance of an OSC and conducting a full evidentiary hearing.

We accept the Attorney General's concession and will reverse and remand.

## DISPOSITION

The order denying Ladelle's petition for resentencing under section 1170.95 is reversed.  The case is remanded to the superior court with directions to issue an OSC and hold an evidentiary hearing as required by statute.  We express no opinion as to the appropriate outcome of such hearing.

HUFFMAN, Acting P. J.

WE CONCUR:


DATO, J.


DO, J.

4